IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:15-cv-00044-XR |
| v. | § § | [Removed from the 285th Judicial District Court of Bexar County, Texas] |
| KEITH YACKEY, | § § | |
| Defendant. | § | |

### DEFENDANT'S MOTION TO DISMISS BASED ON COLLATERAL ESTOPPEL

COMES NOW Defendant, Keith Yackey ("Yackey" or "Defendant"), and hereby moves to dismiss the Complaint filed by Plaintiff, Education Management Services, LLC ("Plaintiff"), on the grounds of collateral estoppel. In support of this Motion, Defendant states as follows:

### I.
### PROCEDURAL HISTORY

On September 24, 2014, Plaintiff filed a lawsuit in the 285th Judicial District Court of Bexar County, Texas, styled *Education Management Services, LLC v. Keith Yackey*, Cause No. 2014-CI-15278 ("State Court Action"). Defendant was not served with the State Court Action. Defendant did not receive notice of the filing until December 22, 2014. In its petition, Plaintiff asserts the following claims: (1) breach of contract; (2) conversion; and (3) trade secret misappropriation. Plaintiff seeks injunctive relief and actual and punitive damages, attorneys' fees, and additional remedies.

Plaintiff filed an identical lawsuit against Defendant on or about June 20, 2014 in the 45th Judicial District of Bexar County, Texas, styled *Education Management Services, LLC v. Keith Yackey*, Cause No. 2014-CI-040089. Defendant previously removed the matter to the

Western District of Texas on July 21, 2014.  On August 26, 2014, this Court granted Defendant's motion to dismiss for lack of personal jurisdiction in Case No. 5:14-cv-00656-HLH.  *See* Exh. A, Order of Dismissal.  In response to that Order, Plaintiff re-filed the same lawsuit against Defendant in the same Texas state courts against the same Defendant for which the Court has already stated he is not subject to personal jurisdiction in Texas.

## II.
## LEGAL STANDARD

"In a federal diversity action, a nonresident defendant is amenable to personal jurisdiction to the extent permitted by a state court in the state in which the federal court resides."  *Deckert v. Wachovia Student Fin. Servs., Inc.*, 963 F.2d 816, 817 (5th Cir. 1992) (citing *Bullion v. Gillespie*, 895 F.2d 213, 215 (5th Cir. 1990) (internal quotations omitted).  "The doctrine of collateral estoppel . . . precludes re-litigation of only those issues actually and finally decided in a prior action."  *Hanrick v. Gurley*, 56 S.W. 330 (Tex. 1900);[1] *see also Deckert*, 895 F.2d at 818 (same).

The Fifth Circuit has already found that a prior determination on the issue of personal jurisdiction may preclude a party from re-litigating this issue based on the doctrine of collateral estoppel.  *Deckert*, 963 F.2d at 817.  "In Texas, collateral estoppel precludes the re-litigation of any ultimate issue actually litigated and essential to the judgment in the prior suit."  *Id*. at 819.  (citing *Suber v. Ohio Medical Products*, 811 S.W.2d 646, 652 (Tex. App.—Houston [14th Dist.] 1991, *writ requested*)).  In *Deckert*, the Fifth Circuit found that the issue of the defendant's amenability to suit in Texas was an issue that was actually litigated and essential to the judgment in the prior action that was filed in state court and dismissed for lack of personal jurisdiction:

---

[1] *Res judicata*, on the other hand, "states that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal."  *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768, 771 (Tex. 1979).

> The parties . . . actually litigated the question of personal jurisdiction and the Texas state court determined that Texas courts lacked personal jurisdiction over [the defendant].  [The plaintiff] could have appealed the state court's decision to a Texas court of appeals, but she chose not to do so.  She instead waited and then filed another lawsuit in federal court.  The federal district court recognized the Texas state court judgment's effect and dismissed [the plaintiff's] lawsuit.

*Id*.  Therefore, the Fifth Circuit upheld the District Court's dismissal of the lawsuit based on lack of personal jurisdiction and gave preclusive effect to the state court's prior opinion.  *Id*.

Likewise, Plaintiff's present lawsuit should be dismissed based on the doctrine of collateral estoppel because the Parties have already litigated the issue of personal jurisdiction over Defendant in Texas, and Plaintiff did not appeal or otherwise preserve the prior dismissal for lack of personal jurisdiction.

### III.
### ANALYSIS

As previously noted, Plaintiff filed an identical lawsuit against Defendant on or about June 20, 2014 in the 45th Judicial District of Bexar County, Texas.  Defendant removed the matter to the Western District of Texas on July 21, 2014.  In Case No. 5:14-cv-00656-HLH, Defendant filed a motion to dismiss and asserted various Fed. R. Civ. P. 12(b) arguments, including a Rule 12(b)(2) argument for lack of personal jurisdiction.  *See* Exh. B, Motion to Dismiss.  Plaintiff filed its opposition to the Motion to Dismiss.  *See* Exh. C, Amended Response to Motion to Dismiss.  The issue was fully briefed and litigated by the Parties in the previous action.  On August 26, 2014, this Court granted Defendant's motion to dismiss, finding that Plaintiff failed "to make a *prima facie* showing that the Defendant had minimum contacts sufficient to establish either general or specific personal jurisdiction."  *See* Exh. A.

Furthermore, upon entry of the Order of Dismissal, Plaintiff did not appeal the Order to the Fifth Circuit. Instead, Plaintiff waited and re-filed the same action in the Texas State Court, despite the Order explicitly finding that the Texas courts lacked personal jurisdiction over Defendant. As such, the doctrine of collateral estoppel applies to the issue of personal jurisdiction, and this Court may properly give preclusive effect to the prior Order of Dismissal and dismiss this action.

## IV.
## CONCLUSION

Based on the foregoing, Defendant requests that this Court issue an order dismissing this action, giving preclusive effect to the prior order of dismissal based on lack of personal jurisdiction.[2]

Respectfully submitted,

 /s/ Clint A. Corrie
Clint A. Corrie
Texas Bar No. 04840300
clint.corrie@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT
KEITH YACKEY**

---

[2] In the event that this Court does not give preclusive effect to the prior Order of Dismissal, Defendant reserves the right to raise defenses and objections under Fed. R. Civ. P. 12, including Rule 12(b)(2), in response to the Complaint. Defendant requests to submit such defenses and objections within a reasonable time after the entry of such an order from this Court.

{30255035;1}

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on the 28th day of January, 2015:

      Andrew J. Moon, Esq.
      andrew.j.moon@gmail.com
      andym@teamarmando.com
      2935 Thousand Oaks Drive, #6-285
      San Antonio, Texas 78247

      */s/ Clint A. Corrie*
      Clint A. Corrie