**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, | ) ) ) |
| *EMS*, | ) ) |
| v. | ) CIVIL ACTION NO. ) [Removed from the 285th Judicial District ) Court of Bexar County, Texas] |
| KEITH YACKEY | ) ) |
| *Defendant*. | ) ) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

COMES NOW Plaintiff, Education management Services, LLC, ("Plaintiff EMS") and hereby files its Response to the Court's Order to Show Cause [Dkt. No. 3] and would respectfully show the Court the following:

**FACTUAL BACKGROUND**

(a) *Procedural Background of this Suit*.

On September 24, 2014 , Plaintiff EMS filed this current action in the 285th District Court in Bexar County, Texas. On January 5, 2015, Plaintiff EMS sought to have the citation issued by the Bexar County District Clerk. *See* [Exhibit A]. On January 21, 2015, Defendant, Keith Yackey ("Defendant Yackey"), subsequently removed the case to this Court based on diversity of the parties. *See* (Dkt. No. 4) . Since Plaintiff EMS has not yet served Defendant Yackey in this suit, the Court issued its Show Cause Order, on January 27, 2015. [Dkt. No. 3].

///

///

(b) *Factual Background*.

Defendant Yackey is a former contractor of Plaintiff EMS, who provided training services. In providing his various services to Plaintiff EMS, Defendant Yackey spent a large amount of his time traveling across the country.

In late 2013, Plaintiff EMS became aware that Defendant Yackey was working for, Nick Vertucci and the Nick Vertucci Companies, Inc. (collectively "Vertucci") in the same capacity as he did for Plaintiff EMS. Vertucci is a direct competitor of Plaintiff EMS and its affiliates. On June 20, 2014, Plaintiff EMS filed suit against Defendant Yackey in the 45th District Court of Bexar County, Texas. This suit was subsequently removed to the Western District of Texas under Case Number: Case 5:14-cv-00656-HLH. Upon removal, Defendant Yackey filed a Rule 12(b)(2) Motion to Dismiss for lack of jurisdiction. Due to ineffective lead counsel[1], Plaintiff EMS failed to either amend its original state pleadings or address the Rule 12(b)(2) Motion to Dismiss. This led to Judge Hudspeth finding that he was unable to make a determination as to the Court's jurisdiction over the case, and he dismissed the suit **without prejudice**. Subsequently, Plaintiff EMS re-filed its suit against Defendant Yackey in Texas state court.

After re-filing the suit Plaintiff EMS simply refrained from moving forward and serving Defendant Yackey, because the parties had entered into settlement negotiations, which began on or about October 2014.[2] The negotiations continued for a little over two months until breaking down on or about December 2014. During this time Plaintiff's counsel made Defendant's counsel aware that if the settlement negotiations broke down, he would be served with the new

---

[1] Plaintiff EMS has since separated with its lead counsel in the previous Yackey suit. Moreover, Plaintiff EMS's First Amended Complaint clearly suffices finding jurisdiction in this Court.
[2] These settlement negotiations involved Defendant Yackey along with other defendants involved in other suits initiated by Plaintiff EMS and RETI.

(this) lawsuit. To this, on November 2, 2014, Defendant's counsel stated that if Plaintiff EMS sued Defendant Yackey, then he would accept service. *See* [Exhibit B] [3]

Upon the breakdown of negotiations, Plaintiff EMS, once again made contact with Defendant's counsel. On December 22, 2014, Plaintiff's counsel asked Defendant's counsel to accept and waive service for Defendant Yackey pursuant to Rule 118 of the Texas Rules of Civil Procedure. *See* [Exhibit C]. In the communication, Defendant's counsel was provided with a copy of the Original Petition and appropriate waiver of citation paperwork. *See Id*. On December 23, 2014, Defendant's counsel rejected Plaintiff EMS's overture to waive service. *See Id*. Due to the Christmas and New Year's holiday period, on January 5, 2015, Plaintiff EMS chose to move forward with executing service on Defendant Yackey by requesting issuance of the citation for service. On January 15, 2015, Plaintiff EMS began the process of attempting to serve Defendant Yackey at the last known residential address of 11317 Cabo Del Verde, Las Vegas, Nevada 89138.[4] On January 22, 2015, Plaintiff EMS's process server made contact with the current resident, who was not Defendant Yackey. *See* [Exhibit D][5]

On January 27, 2015, at 11:41 AM, Plaintiff received notice of this Court's Show Cause Order. Coincidentally, Plaintiff EMS, was in the process of drafting an email to Defendant's counsel asking if they would coordinate with their client to effectuate waiver of service under FED. R. CIV. P. 4(d). *See* [Exhibit E]. In response, Defendant's counsel accepted the paperwork necessary for Defendant Yackey to effectuate the waiver under FED. R. CIV. P. 4(d). *See Id*. This is the last communication Plaintiff EMS has received from Defendant's counsel regarding either an agreement to accept or waive service.

---

[3] The remainder of the message has been redacted due to its protected status under FRE 408.
[4] Defendant Yackey is a former contractor of Plaintiff EMS, and the above address was the only residential address found in his HR file.
[5] Plaintiff EMS did not receive notification of non-service until February 2.

In addition to bringing suit against Defendant Yackey, Plaintiff EMS's affiliate Real Estate Training International, LLC ("RETI"), sued Vertucci for a breach of contract and other tort claims[6]. Plaintiff EMS, has sued multiple other former employees and contractors who are now employed by Vertucci for various contractual and tortious violations. Coincidentally, the same defense counsel that represents Vertucci, also represents Defendant Yackey and every other defendant sued by Plaintiff EMS and/or RETI. On April 7, 2014, this Court conducted a venue-transfer hearing where Vertucci/Defendant Yackey's counsel agreed to accept service on behalf of agents of Vertucci, like Defendant Yackey.[7] *See* [Exhibit F]. As far as Plaintiff's current counsel is aware, Plaintiff EMS and RETI acted upon Defendant's counsel's judicial admission, until December 22, 2014, when Defendant's counsel refused to accept service on the re-filed state court petition. Since, Yackey's counsel is no longer accepting service for persons that work for Vertucci and Defendant Yackey is a transient person, Plaintiff EMS will be forced to either to rely on luck and serve him when he is picking up mail at the post office box that he provided in his Notice of Removal, in lieu of an actual residential address, or serve him at a Vertucci event.[8]

**ARGUMENT**

Plaintiff EMS's failure to serve its original state court petition, and now its First Amended Complaint, on Defendant Yackey, is based on good cause. For over two months the parties were engaged in settlement negotiations. During this time, out of respect for the negotiation and to avoid unnecessary litigation costs, Plaintiff EMS did not seek to serve

---

[6] Real Estate Training International, LLC v. Nick Vertucci, et. al; Case No. 5:14-cv-00099-XR.
[7] Case No. 5:14-cv-00099-XR; Partial Transcript of Venue Hearing, [Dkt. No. 30; pg.20¶15-20, pg. 22¶1-5]. Attached are only the relevant portions of the hearing regarding Defendant's counsel's acknowledgment of future acceptance of service.
[8] The "residential" address provided by Defendant Yackey is a private postal box located at FedEx/Postal Pro's location in a Las Vegas, Nevada, Albertson's shopping center.

Defendant Yackey.  However, since the breakdown of the settlement negotiations, Plaintiff EMS has diligently moved forward with the process of effectuating service on Defendant Yackey. Therefore, Plaintiff EMS has shown good cause for its failure to serve Defendant Yackey within the time specified by Fed. R. Civ. P. 4(m). In the event that the Court finds that Plaintiff EMS has not shown good cause, Plaintiff EMS respectfully requests the Court find that it grant it more time to effectuate service upon or the waiver thereof from Defendant Yackey or order Defendant's counsel accept service of the same.

As the Court stated in its Show Cause Order, Fed. R. Civ. P. 4(m) requires that a defendant be served within 120 days of the filing of the complaint. However, the Court must extend the plaintiff's time period to effectuate service on the defendant beyond the 120 day period if the plaintiff shows the failure of service is based on good cause. FED. R. CIV. P. 4(m).

The Fifth Circuit and this Court have held that to establish good cause for lack of service within the time period prescribed by FED. R. CIV. P. 4(m), "a plaintiff has the burden of demonstrating at least as much as would be required to show excusable neglect." *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir.2008) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)); *See Becknell v. Long Term Disability Plan for Johnson & Johnson & Affiliated Cos.*, 2010 U.S. Dist. LEXIS 69151, *4 (W.D. Tex. July 12, 2010). Excusable neglect is determined by factors such as "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Becknell*, 2010 U.S. Dist. LEXIS 69151, at* 3, n5. As the *Newby* Court held, "Simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Therefore, it is normally require the plaintiff show the enlargement of time for

effectuating service must be based on "good faith" and "some reasonable basis for noncompliance..." *See Newby*, 284 Fed. Appx. at 149.

Here, Plaintiff EMS has shown good cause for not serving Defendant Yackey within the time prescribed by FED. R. CIV. P. 4(m). Plaintiff EMS's lack of service is not based on its inadvertence or ignorance of Rule 4(m). Nor will Plaintiff EMS's lack of service prejudice Defendant Yackey, since he is the one who benefits from any required re-filing. Plaintiff EMS did not move forward with service on Defendant Yackey, because the parties were in settlement negotiations. Plus, this suit was originally filed in Texas state court, where unlike Federal Court, there is no strict time limit on service. Simply, Plaintiff EMS has acted within good faith in attempting to get Defendant Yackey served after the termination of the settlement negotiations and Defendant Yackey's removal to this Court.

Even before the negotiations stalled, Plaintiff EMS made Defendant's counsel aware that there was, at the very least, the possibility of another lawsuit being filed against Defendant Yackey. Defendant's counsel acknowledged this fact and stated they would accept service on behalf of Defendant Yackey. This agreement was borne out of the understanding that Defendant Yackey is an employee/contractor of Vertucci. But, when negotiations did breakdown and Plaintiff EMS attempted to obtain Defendant Yackey's waiver, Defendant's counsel refused to accept service, as previously agreed, and have now forced Plaintiff EMS to waste additional time and resources in moving forward with effectuating service. Plaintiff EMS has already attempted, albeit unsuccessfully, to serve Defendant Yackey at his "abode" as required by FED. R. CIV. P. 4(e). Additionally, as requested by Defendant's counsel, instead of directly making contact with Defendant Yackey to obtain his waiver of service under FED. R. CIV. P. 4(d), Plaintiff EMS reached out to Defendant's counsel to make contact with Defendant Yackey to obtain waiver.

This approach appears to be unavailing as well. While Plaintiff EMS could have served Defendant Yackey within the 120 day period, it chose to abide by its previous discussions with Defendant's counsel and effect service through Defendant's counsel.

In the alternative, if the Court finds that Plaintiff EMS has not shown good cause under Fed. R. Civ. P. 4(m), Plaintiff EMS respectfully requests the Court to exercise its ability to grant an extension to Plaintiff EMS so that Defendant Yackey can be served with the First Amended Complaint. *See Newby*, 284 Fed. Appx. at 149; *See Becknell*, 2010 U.S. Dist. LEXIS 69151, at* 5. Some examples of when the Court will extend time for service under FED. R. CIV. P. 4(m) (or FED. R. CIV. P. 6(b)) "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. *Newby*, 284 Fed. Appx. at 149. While there currently is no statute of limitations issue and Defendant Yackey has not actively evaded service, per se, a dismissal of this suit without prejudice would merely cause Plaintiff EMS to re-file the suit yet again. This only affects Plaintiff EMS, as Defendant Yackey continues to prosper from his contractual breach and violation of his duty of confidentiality owed to Plaintiff EMS. Thus, Plaintiff EMS, with the permission of the Court, will move forward with effectuating service upon Defendant Yackey wherever he may be found. Specifically, Plaintiff EMS requests that the Court grant it an additional 60 days to effectuate service upon Defendant Yackey.

**WHEREFORE**, for the reasons stated herein, Plaintiff, Education Management Services, LLC, respectfully requests that this Honorable Court not dismiss Defendant, Keith Yackey, from this litigation, and permit Plaintiff an additional sixty (60) days to accomplish service.

Date: February 9, 2015.

          Respectfully Submitted,

          /s/Andrew J. Moon
          ANDREW J. MOON
          State Bar No. 24046463
          NATHANIEL CORBETT
          State Bar No. 24077165
          2935 Thousand Oaks Dr. #6-285
          San Antonio, Texas 78247
          (210) 501-0077
          ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to the Court's Show Cause Order, has been served on Defendant via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class postage prepaid, facsimile, of hand delivery in accordance with the Federal Rules of Civil Procedure on February 9, 2015.

Clint Corrie
Akerman LLP
2001 Ross Avenue
Suite 2550
Dallas, Texas 75201
Via Facsimile No. 866-203-5835

          By: /s/ Andrew Moon