UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EDUCATION MANAGEMENT ) | |
| SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  SA-15-CA-0044-XR |
| VS. ) | |
| ) | |
| KEITH YACKEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On this date, the Court considered its Show Cause Order issued to Plaintiff Education Management Services (docket no. 3) regarding service of process upon Defendant Keith Yackey.

Defendant Keith Yackey removed this action to this Court on January 21, 2015.  In his removal papers, Yackey noted that the lawsuit was filed in state court on September 24, 2014, and that Yackey first received notice of the lawsuit on December 22, 2014, but had not yet been served. Yackey reserved all rights to raise service and jurisdictional defenses.

On January 27, 2015, this Court issued a Show Cause Order to Plaintiff directing Plaintiff to show cause why the case should not be dismissed for lack of service.[1]  However, on January 28, Defendant filed a "Motion to Dismiss Based on Collateral Estoppel."  The "Motion to Dismiss" fails to cite to a rule of civil procedure or other specific basis for dismissal.  The Motion asserts that this case should be dismissed because Plaintiff previously brought this same lawsuit against Defendant and it was dismissed for lack of personal jurisdiction.  The Court construes the Motion as a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  Therefore, it appears to the Court that Yackey's filing of the Motion to Dismiss would waive any defects in service and render the Show Cause Order moot.  FED. R. CIV. P. 12(h) (a party waives the defense of insufficient service of

---

[1] Plaintiff has responded to the Show Cause Order and has requested an additional sixty days to effect service.  Docket no. 6.

process by failing to include it in its first 12(b) motion).[2] Although Defendant purported to reserve the right to raise Rule 12(b) defenses if this Court denies the Motion to Dismiss, courts have rejected such attempts to circumvent the requirements of Rule 12. *See Hunter v. Serv-Tech, Inc.*, No. 07-9009, 2009 WL 2858089 (E.D. La. Aug. 28, 2009) ("To allow a litigant to 'reserve' a 12(b)(2)-(5) defense for later argument without actually making and arguing the motion cuts against both the plain language of the Rule and the policy that the Rule seeks to enact. This interpretation of the Rule, thus, is not hypertechnical, but squarely supports the policy choice that the Rule drafters made: forcing litigants to combine certain preliminary defenses in one motion in the interest of preventing delay.").

Therefore, Yackey is directed to respond to Plaintiff's response to the Show Cause Order and should brief the issue of whether he has waived the lack of service, no later than **February 24, 2015**.

It is so ORDERED.

SIGNED this 17th of February, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] Even if the motion were construed as a motion for summary judgment, it appears that it would then count as an appearance that would waive any defects in service.